In re RANSOME GROUP INVESTORS I, LLLP, Debtor.

No. 3:09–bk–5138–PMG.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 14, 2009.

David J. Lienhart, Mychal J. Katz, Roetzel & Andress LPA, Orlando, FL, Jason B. Burnett, GrayRobinson, P.A., Jacksonville, FL, for Debtor.

## ORDER ON RANSOME GROUP INVESTORS I, LLLP'S MOTION TO DISMISS INVOLUNTARY PETITION

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court to consider the Motion to Dismiss Involuntary Petition filed by Ransome Group Investors I, LLLP (Investors), Island Capital Partners, LLC, and Point Capital Partners, LLC.

On June 24, 2009, The Ransome Development Co., LLC (Development) filed an Involuntary Bankruptcy Petition against Investors. (Doc. 1). According to the Involuntary Petition, Development is the holder of a judgment against Investors in the amount of $115,322.77 for advancement of attorneys' fees and costs.

The issue before the Court is whether Development's claim against Investors is "contingent as to liability or the subject of a bona fide dispute as to liability or amount" within the meaning of § 303 of the Bankruptcy Code.

### Background

The Ransome Group Investors I, LLLP Agreement of Limited Liability Limited Partnership was executed on October 10, 2005. (Doc. 12, Exhibit K). The general partners of Investors were Development, Island Capital Partners, LLC, and Point Capital Partners, LLC. The purpose of the partnership was to acquire and develop approximately 262 acres of real property located in Ocala, Florida. (Partnership Agreement, § 2.3).

Section 5.7 of the Partnership Agreement provides that Investors will indemnify general partners and other "covered persons" for any loss or claim incurred as a result of any act performed within the scope of the covered person's authority under the Partnership Agreement. Section 5.7(c) further provides that Investors will advance any expenses incurred by a general partner in defending a claim, upon receipt of an undertaking by the general partner to repay the amount advanced if it is ultimately determined that the general partner is not entitled to indemnification.

In 2008, a dispute arose between Investors and Development regarding the disposition of partnership funds, and the Investment Advisory Committee designated pursuant to the Partnership Agreement sought to remove Development as the Managing General Partner of Investors.

On October 13, 2008, Investors filed an action against Development and other defendants in the state court in Marion County, Florida, for conversion, civil theft, and other state law claims. (Doc. 12, Exhibits A, B).

On October 20, 2008, the two remaining general partners of Investors filed an action against Development in the state court in Delaware seeking a determination that the removal of Development as Managing General Partner was valid and enforceable. (Doc. 12, Exhibit I).

On October 27, 2008, Development filed an action against Investors in the state

court in Delaware (the Advancement Action). In the Advancement Action, Development requested a determination under § 5.7(c) of the Partnership Agreement of its right to advancement of the expenses that it was incurring in connection with the pending litigation. (Doc. 12, Exhibit K).

On November 20, 2008, a Joint Stipulation and Order was entered in the Advancement Action. (Doc. 12, Exhibit M). The Stipulation and Order established a procedure for the submission of itemized expenses by Development, and the advancement of all undisputed expenses by Investors. Specifically, the Stipulation and Order provides:

3. Within two (2) business days after the entry of this order, counsel for the Plaintiff will submit an affidavit itemizing the amount of the expenses Plaintiff has incurred to date in this action and the Delaware Action, as well as the amount of expenses Plaintiff and its Affiliates have incurred in the Florida Action, and certifying counsels' good faith, informed belief that the litigation expenses for which advancement is sought relate to time and out of pocket costs expended on matters that are properly the subject of advancement (the "Good Faith Affidavit").…

4. Within seven (7) business days after receipt of the Good Faith Affidavit, Defendant will be obligated to advance to Plaintiff the amounts sought to be advanced in the Good Faith Affidavit.…

5. In the absence of clear abuse, the fees should be advanced. If the Defendant believes there has been clear abuse, the Defendant will: (1) identify those expenses that it asserts fall outside the standard of Delaware law for advancement and include a certification of counsel setting forth their good faith belief that the advancement of such fees is not appropriate; and (2) pay the fees as to which there is no dispute in accordance with paragraph 4 above.

Finally, the Stipulation and Order provides that Investors "reserves the right to oppose [Development's] entitlement to indemnification in the Delaware Action and the Florida Action and to recover any amounts previously advanced to [Development] in accordance with [Development's] written undertaking to repay." (Doc. 12, Exhibit M).

On November 21, 2008, Development submitted a Good Faith Affidavit to Investors pursuant to the Joint Stipulation and Order, and requested advancement of the fees itemized in the Affidavit.

On December 19, 2008, a Consent Order and Judgment was entered in the Advancement Action, pursuant to which judgment was entered in favor of Development and against Investors in the aggregate amount of $202,912.62. (Doc. 12, Exhibit N). According to the Order, the judgment was entered because Investors "became obligated to advance to [Development] the amounts sought to be advanced in the Good Faith Affidavit and the Partnership has failed to advance the amounts owed to [Development] and has not challenged the amounts sought to be advanced by [Development]."

On January 23, 2009, Development submitted a second Good Faith Affidavit pursuant to the Joint Stipulation and Order, and requested the advancement of additional expenses as itemized in the Affidavit.

On March 19, 2009, a Second Consent Order and Judgment was entered in the Advancement Action, pursuant to which judgment was entered in favor of Development and against Investors in the amount of $69,270.51. (Doc. 12, Exhibit R). The amount of the judgment represents the

difference between the advancement sought by Development in its Good Faith Affidavit ($75,083.46), and the amount "specifically identified and objected to" by Investors ($5,812.95).

On May 7, 2009, Development submitted a third Good Faith Affidavit pursuant to the Joint Stipulation and Order, and requested the advancement of additional expenses as itemized in the Affidavit.

On June 22, 2009, a Third Consent Order and Judgment was entered in the Advancement Action. (Doc. 12, Exhibit U). According to the Third Consent Order, Investors had disputed the entire amount that Development had submitted for advancement in its third Good Faith Affidavit. The total disputed amount equaled the sum of $115,322.77, including additional post-Affidavit expenses claimed by Development in connection with the Advancement Action. The parties agreed to the entry of the Third Consent Order resolving the dispute, however, and Judgment was entered in favor of Development and against Investors in the total amount of $99,000.00.

On June 24, 2009, Development filed an Involuntary Chapter 7 Petition against Investors. (Doc. 1). The Involuntary Petition was filed by Development as the holder of a "judgment for advancement of attorneys' fees and costs" in the amount of $115,322.77.

### Discussion

Investors filed a Motion to Dismiss the Involuntary Petition on the grounds that (1) the Petition was filed in bad faith, and (2) Development's claim is subject to a bona fide dispute under § 303 of the Bankruptcy Code. (Doc. 15). The issue currently before the Court is whether Development's claim is "contingent as to liability or the subject of a bona fide dispute as to liability or amount" within the meaning of § 303(b).

### A. Section 303(b)

■ Section 303(b) of the Bankruptcy Code provides in part:

**11 USC § 303. Involuntary cases**

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either *a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount,* ...;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, *by one or more of such holders* that hold in the aggregate at least $13,475 of such claims.

11 U.S.C. § 303(b)(Emphasis supplied). "The primary purpose of disqualifying a creditor whose claim is subject to a bona fide dispute from filing an involuntary bankruptcy petition is to prevent such creditors from using involuntary petitions as a club to coerce the debtor to satisfy judgments when substantial questions may remain concerning the debtor's liability." *In re Rosenberg,* 414 B.R. 826, 845–46 (Bankr.S.D.Fla.2009).

■ "The standard to be applied to determine whether a debt is the subject of a bona fide dispute is whether 'there is a genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to disputed facts.'" *In re Rosenberg,* 414 B.R. at 845(Citations omitted). "Under this standard, the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute

as to the validity of debt." *In re AMC Investors, LLC*, 406 B.R. 478, 483–84 (Bankr.D.Del.2009)(quoting *In re Busick*, 831 F.2d 745, 750 (7* Cir.1987)).

In applying this objective standard, courts have generally found that a claim based on an unstayed judgment is not the subject of a bona fide dispute, even if the debtor has appealed the judgment. *In re Atlantic Portfolio Analytics & Management, Inc.*, 380 B.R. 266, 273 (Bankr.M.D.Fla.2007)(quoting *In re Drexler*, 56 B.R. 960, 967 (Bankr.S.D.N.Y. 1986)). This finding is consistent with the well-established principle that a judgment creditor may typically enforce an unstayed final judgment by pursuing his post-judgment remedies under state law. *In re Henry S. Miller Commercial, LLC*, 418 B.R. 912, 921–22 (Bankr.N.D.Tex.2009); *In re Atlantic Portfolio Analytics & Management, Inc.* 380 B.R. at 273.

■ Additionally, courts have also found that an alleged debtor's assertion of a counterclaim against the petitioning creditor "does not automatically render the creditor's claim the subject of a 'bona fide dispute.'" *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1066 (9th Cir.2002)(quoting *In re Seko Investment, Inc.*, 156 F.3d 1005, 1008 (9th Cir.1998)). The assertion of a counterclaim against the petitioning creditor, even if the counterclaim is substantive, does not necessarily create a bona fide dispute for purposes of § 303(b), since counterclaims do not dispute the merits of the original claim. *In re Biogenetic Technologies, Inc.*, 248 B.R. 852, 857 (Bankr.M.D.Fla.1999)(citing *In re Manhattan Industries, Inc.*, 224 B.R. 195, 200 (Bankr.M.D.Fla.1997)).

■ In general, therefore, § 303(b) of the Bankruptcy Code appears to evidence Congress' intent to preclude the holders of questionable claims from forcing companies into bankruptcy against their will. *In re Henry S. Miller Commercial, LLC*, 418 B.R. at 922–23. Where the debtor does not have a legitimate reason to dispute the claim, however, a claimant should not be disqualified from filing an involuntary petition. *See In re Biogenetic Technologies, Inc.*, 248 B.R. at 856.

**B. Advancements**

In this case, Development asserts that its claim against Investors is based on a "judgment for advancement of attorneys' fees and costs." (Doc. 1). The judgment arises out of Development's claim for indemnification and advancement of expenses against Investors under the Ransome Group Investors I, LLLP Agreement of Limited Liability Limited Partnership. Development was the Managing General Partner of Investors under the Partnership Agreement. (Doc. 15, p. 1).

The Partnership Agreement provides that it will be construed and enforced in accordance with Delaware law, and that the rights and obligations of the partners will be governed by the Delaware Limited Partnership Act. (Partnership Agreement, § 10.5).

Section 17–108 of Delaware's Limited Partnership Act provides:

**§ 17–108. Indemnification**

Subject to such standards and restrictions, if any, as are set forth in its partnership agreement, a limited partnership may, and shall have the power to, indemnify and hold harmless any partner or other person from and against any and all claims and demands whatsoever.

6 Del.C. § 17–108. The section grants broad authority to the contracting parties to establish the partnership's indemnification and advancement provisions. "In fact, Section 17–108 defers completely to the contracting parties to create and delimit

rights and obligations with respect to indemnification and advancement of expenses." *Active Asset Recovery, Inc. v. Real Estate Asset Recovery Services, Inc.,* 1999 WL 743479, at *16 (Del.Ch.)(quoting *Delphi Easter Partners Limited Partnership v. Spectacular Partners, Inc.,* 1993 WL 328079, at *1, 2 (Del.Ch.)).

The indemnification provision for Investors is contained in § 5.7 of the Limited Partnership Agreement. Section 5.7(a) provides for the indemnification of general partners for losses or claims incurred for acts performed by the general partner in good faith "and in a manner reasonably believed to be within the scope of the authority conferred" by the Agreement.

The advancement provision for Investors is contained in § 5.7(c) of the Limited Partnership Agreement. Section 5.7(c) provides:

> (c) *To the fullest extent permitted by applicable law, expenses (including legal fees and expenses) incurred by a Covered Person defending any claim, demand, action, suit or proceeding shall, upon request, be advanced by the Partnership prior to the ultimate and final disposition of the claim, demand, action, suit or proceeding upon receipt by the Partnership of an undertaking by or on behalf of the Covered Person to repay the amount if it ultimately and finally shall be determined that the Covered Person is not entitled to be indemnified as authorized in this Section 5.7.* In any suit brought by a Covered Person to enforce a right to indemnification hereunder (but not in a suit to enforce a right to advancement of expenses), it shall be a defense that the Covered Person has not met the applicable standard of conduct for indemnification set forth herein. If successful in whole or in part in any such suit, or in a suit brought by the Partnership to recover an advancement of expenses pursuant to the terms of an undertaking, the Covered Person shall be entitled to be paid also the fees and expenses incurred in prosecuting or defending the suit. In any suit brought by a Covered Person to enforce a right to indemnification or to an advancement of fees and expenses hereunder, or by the Partnership to recover an advancement of expenses pursuant to the terms of an undertaking, the Partnership shall have the burden of proving that the indemnitee is not entitled to be indemnified or to the advancement of expenses.

(Partnership Agreement, § 5.7(c))(Emphasis supplied). General partners and managing general partners are "covered persons" as defined in § 5.7(a) of the Partnership Agreement.

■ Under Delaware law, a claim for advancement, such as a claim made pursuant to § 5.7(c) of Investors' Partnership Agreement, is generally explained as "a right whereby a potential indemnitee has the ability to force the company to pay his litigation expenses as they are incurred regardless of whether he will ultimately be entitled to indemnification." *Majkowski v. American Imaging Management Services, LLC,* 913 A.2d 572, 586 (Del.Ch.2006)(quoted in *In re RNI Wind Down Corporation,* 369 B.R. 174, 182 (Bankr.D.Del.2007))(Emphasis in original). The provision is intended to protect the designated persons or entities from the risks of legal proceedings "by way of the pre-indemnification advancement of certain litigation—related expenses." *Kaung v. Cole National Corporation,* 884 A.2d 500, 509 (Del.S.Ct. 2005).

■ A partner's right to an advancement of expenses under a partnership agreement is separate and distinct from his right to indemnification. *In re RNI Wind Down Corporation,* 369 B.R. at 185.

Specifically, the decision regarding the partner's right to indemnification "must necessarily await the outcome of the investigation or litigation." *Kaung v. Cole National Corporation*, 884 A.2d at 509.

> Indemnification is the right to be reimbursed for all out of pocket expenses and losses caused by an underlying claim. The right is typically subject to a requirement that the indemnitee have acted in good faith and in a manner that he reasonably believed was in the best interests of the company. As a result, an indemnification dispute generally cannot be resolved until after the merits of the underlying controversy are decided because the good faith standard requires a factual inquiry into the events that gave rise to the lawsuit.

*Majkowski v. American Imaging Management Services, LLC*, 913 A.2d at 586. See also *Sun–Times Media Group, Inc. v. Black*, 954 A.2d 380, 408 (Del.Ch.2008)(The ultimate determination as to whether a partner is entitled to indemnification is not appropriate "until there is a final, non-appealable conclusion" to the underlying litigation.).

■ An action for an advancement, on the other hand, is a summary proceeding in which the issues are limited to the advancement provisions contained in the partnership agreement, "and not to issues regarding the movant's alleged conduct in the underlying litigation." *Kaung*, 884 A.2d at 509. "Advancement is typically not conditioned on a finding that the party seeking advancement has met any standard of conduct." *Majkowski*, 913 A.2d at 586. Instead, the only issue is whether the parties had agreed to grant advancement rights to the partner, regardless of whether or not it is ultimately determined that the partner is entitled to indemnification. *Id.* See also *In re RNI Wind Down Corporation*, 369 B.R. at 186–87.

■ Finally, if an advancement has been made, and it is later determined that the partner is not entitled to indemnification, the partner is obligated to repay the amount advanced. *Senior Tour Players 207 Management Company LLC v. Golftown 207 Holding Company LLC*, 853 A.2d 124, 130 (Del.Ch.2004). If it is subsequently determined that a partner is not entitled to indemnification, he will have to repay any funds that were advanced under an advancement provision. *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 211 (Del., 2005)(quoted in *In re RNI Wind Down*, 369 B.R. at 186.). Stated another way, the partnership will have the right to seek repayment of the advanced funds, and the partner will have a duty to repay the advances, in the event of a future determination that the partner is not entitled to indemnification. *In re RNI Wind Down*, 369 B.R. at 187.

## C.  Application

■ In this case, a Third Consent Order and Judgment was entered on June 22, 2009, in favor of Development and against Investors. (Doc. 12, Exhibit U). The Order and Judgment provides that Development is entitled to the advancement of certain legal fees, costs, and expenses related to the ongoing litigation between the parties in Florida and Delaware. The total amount of the Judgment is $99,000.00.

Investors contends that the advancement is conditioned on Development's undertaking to repay the amounts advanced if it is later determined that Development acted in bad faith or outside the scope of its authority. Consequently, Investors contends that the advancement claim is the subject of a bona fide dispute within the meaning of § 303(b) of the Bankruptcy Code. (Doc. 15, pp. 15–17).

Under the circumstances of this case, the Court finds that there is no objective basis for determining that a factual or legal dispute exists as to the validity of Development's claim in the amount of $99,000.00. The Court reaches this conclusion for three primary reasons.

First, the claim is based on a Consent Order and Judgment that was entered by the State Court in Delaware pursuant to an agreement between the parties. Second, Investors' obligation to pay the amount due under the Consent Order and Judgment is a present obligation that is not affected by the fact that Development's indemnity rights have not yet been determined. Third, even if it is ultimately determined that Development is not entitled to indemnification, Investors' remedy is simply to assert a claim against Development for the recovery of any amounts advanced.

## 1. The Consent Order and Judgment

Investors' Partnership Agreement provides that a general partner's legal expenses "shall" be advanced by Investors upon the general partner's request, and upon the receipt by Investors of the partner's undertaking to repay the amounts advanced if it is finally determined that the partner is not entitled to indemnification. (Partnership Agreement, § 5.7(c)).

On October 27, 2008, Development filed an action for advancement against Investors in the State Court in Delaware. (Doc. 12, Exhibit K).

On November 20, 2008, the State Court in Delaware entered an Order in the advancement action. (Doc. 12, Exhibit M). The Order is expressly based on the Stipulation of the parties, and establishes a procedure for the advancement of expenses pursuant to the Partnership Agreement. Specifically, the Order provides that (1) Development "is entitled to advancement" of its reasonable legal expenses under § 5.7(c) of the Partnership Agreement, and that (2) Investors should pay the expenses that are requested by Development and not disputed by Investors in accordance with the procedures set forth in the Order.

On June 22, 2009, the State Court in Delaware entered a Third Consent Order and Judgment. (Doc. 12, Exhibit U). In the Order, the Court recites that Development had requested advancements in the amount of $115,322.77 pursuant to the parties' Stipulation and Order, and that Investors had disputed the expenses submitted by Development. The Order then provides:

WHEREAS, to resolve this $115,322.77 in dispute, *the parties have agreed to this Consent Order.*

. . .

1. *[Development] is entitled to advancement of the legal fees and costs incurred in connection with prosecuting this action for advancement. Based on the parties' resolution of disputes* related to the Third Good Faith Affidavit and the outstanding objections to the Second Good Faith Affidavit, the total amount now sought by [Development] from the Partnership for Fish & Richardson P.C.'s fees and expenses relating to the Advancement Action is $52,474.00 for the period commencing January 1, 2009 and ended June 15, 2009. Judgment is hereby entered in favor of [Development] and against [Investors] in the amount of $52,474.00 plus interest thereon.

2. *[Development] is entitled to advancement of expenses under Section 5.7 of the Agreement and the Partnership is obligated to advance [Development's] legal fees and expenses incurred in the Florida and Delaware Actions.*

*Based upon the parties' resolution of disputes* related to the Third Good Faith Affidavit and the outstanding objections to the Second Good Faith Affidavit, the total amount of advancement now sought by [Development] from the Partnership for Fish & Richardson P.C.'s fees and expenses relating to the Delaware Action is $46,526.00 for the period commencing January I, 2009 and ended June 15, 2009. Judgment is hereby entered in favor of [Development] and against [Investors] in the amount of $46,526.00 plus interest thereon.

(Doc. 12, Exhibit U)(Emphasis supplied). In other words, Investors agreed that Development was entitled to advancement under the Partnership Agreement, and agreed to the entry of a Judgment in favor of Development in the amount of $99,000.00. In fact, in its Motion to Dismiss the Involuntary Petition, Investors acknowledges that it "did not dispute Ransome Development's entitlement to advancement under the Partnership Agreement," and that it "stipulated that any applications for advancement would be reduced to a consent order and judgment against the Partnership." (Doc. 15, p. 8).

██ The Third Consent Order and Judgment has been entered, and the effect of the Judgment has not been stayed. Pursuant to the Judgment, Development is entitled to be paid the sum of $99,000.00 from Investors. A claim based on an unstayed judgment is generally not the subject of a bona fide dispute. *In re Henry S. Miller Commercial, LLC,* 418 B.R. at 921–22; *In re Atlantic Portfolio Analytics & Management, Inc.,* 380 B.R. at 273.

Additionally, in this case, Investors *agreed* that Development is entitled to the advancement of expenses under the Partnership Agreement, and agreed to the entry of a Judgment for advancement in the amount of $99,000.00. Under these circumstances, the Court finds that Development's claim against Investors for $99,000.00 is not contingent or the subject of a bona fide dispute within the meaning of § 303(b) of the Bankruptcy Code.

## 2. Investors' obligation to pay the amount due under the Judgment

Investors asserts that the advancements are conditioned on Development's undertaking to repay any amounts advanced if it is ultimately determined that Development is not entitled to indemnification. Consequently, Investors contends that the claim for advancements should not qualify Development to file an involuntary petition under § 303.

Investors' potential right to seek the recovery of any amounts advanced, however, does not affect Development's present right to payment of the advances from Investors. Section 5.7(c) of the Partnership Agreement provides in part:

In any suit brought by a Covered Person to enforce a right to indemnification hereunder (*but not in a suit to enforce a right to advancement of expenses*), it shall be a defense that the Covered Person has not met the applicable standard of conduct for indemnification set forth herein.

(Partnership Agreement, § 5.7(c))(Emphasis supplied). Pursuant to the express terms of the Partnership Agreement, therefore, a partner may be entitled to the advancement of its expenses, regardless of whether it is ultimately entitled to indemnification. See *Majkowski,* 913 A.2d at 586 ("Advancement is typically not conditioned on a finding that the party seeking advancement has met any standard of conduct.").

The Joint Stipulation and Order dated November 20, 2008, provides that Investors is obligated to advance the amounts

requested by Development within seven days after receipt of a Good Faith Affidavit, and that "[i]n the absence of clear abuse, the fees should be advanced." (Doc. 12, Exhibit M). The Third Consent Order and Judgment provides that Development "is entitled to advancement" of the agreed expenses, and enters judgment against Investors for the agreed amount, with interest to accrue on the judgment amount at the legal rate.

Investors' present obligation to pay the amount due under the Consent Order and Judgment is not affected by the fact that Development's indemnity rights have not yet been determined.

### 3. Investors' potential claim to recover the advancements

According to the Partnership Agreement and Delaware law, if it is ultimately determined that Development is not entitled to indemnification of its expenses, Investors may assert a claim against Development for the recovery of any expenses already paid. Neither Delaware law nor the Partnership Agreement, however, provides Investors with any greater rights to the funds already advanced than the right to file an action against Development to recover the amounts paid.

Section 5.7(c) of the Partnership Agreement, for example, provides in part:

If successful in whole or in part in any such suit [for indemnification], *or in a suit brought by the Partnership to recover an advancement of expenses pursuant to the terms of an undertaking,* the Covered Person shall be entitled to be paid also the fees and expenses incurred in prosecuting or defending the suit. In any suit brought by a Covered Person to enforce a right to indemnification or to an advancement of fees and expenses hereunder, *or by the Partnership to recover an advancement of expenses pursuant to the terms of an un-*

*dertaking,* the Partnership shall have the burden of proving that the indemnitee is not entitled to be indemnified or to the advancement of expenses.

(Partnership Agreement, § 5.7(c))(Emphasis supplied). In other words, it appears that the Partnership Agreement contemplates a separate lawsuit by Investors in the event that recovery of an advancement is appropriate in the future. The Agreement does not provide Investors with any retained property interest in the funds advanced, or include any self-executing provision for the recovery of advancements from a "covered person."

The Partnership Agreement's reference to a separate, future lawsuit appears consistent with a partnership's general procedure for recovering advancements under Delaware law. In *In re RNI Wind Down,* for example, the Court noted that the Debtor "will have the right to seek repayment of the advanced funds" if it is determined that the insider is not entitled to indemnification. 369 B.R. at 187. Further, in *Kaung.* the Court stated that the "liability owed by a corporate official for sums already advanced" should not be determined in the context of the original advancement proceeding. 884 A.2d at 509–10. And, finally, in *Senior Tour Players 207,* the Court indicated that the concept of advancement implies only a "general obligation to repay" if the underlying conduct is determined not to be indemnifiable. 853 A.2d at 130.

If it is ultimately determined that Development is not entitled to indemnification, Investors will simply be the holder of a claim against Development for the recovery of the advancements. The Partnership Agreement does not provide for the retention by Investors of any property interest in the funds advanced, and does not contain any self-executing procedures to recover the funds. Instead, the Partner-

ship Agreement simply contemplates the filing of a separate, future lawsuit to recover the advancements. See *In re RNI Wind Down Corporation,* 369 B.R. at 187(The company's right to seek repayment of advanced funds is only a contingent claim against company's insider).

## Conclusion

The issue in this case is whether Development's claim against Investors is "contingent as to liability or the subject of a bona fide dispute as to liability or amount" within the meaning of § 303 of the Bankruptcy Code.

The Court finds that there is no objective basis to determine that a factual or legal dispute exists as to the validity of Development's claim against Investors in the amount of $99,000.00. First, the claim is based on a Consent Order and Judgment that was entered by the State Court in Delaware pursuant to an agreement by the parties. Second, Investors' present obligation to pay the amount due under the Consent Order and Judgment is not affected by the fact that Development's indemnity rights have not yet been determined. Third, even if it is ultimately determined that Development is not entitled to indemnification, Investors will simply be the holder of a claim against Development for the recovery of any advancements actually paid.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss Involuntary Petition filed by Ransome Group Investors I, LLLP, Island Capital Partners, LLC, and Point Capital Partners, LLC is denied to the extent that Investors seeks the dismissal of the Involuntary Petition on the basis that Development's claim is the subject of a bona fide dispute within the meaning of § 303 of the Bankruptcy Code.

2. To the extent that Ransome Group Investors I, LLLP, Island Capital Partners, LLC, and Point Capital Partners, LLC assert that the Involuntary Petition was filed in bad faith, a Final Evidentiary Hearing on the Motion to Dismiss Involuntary Petition has been scheduled by separate Order.